UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

DAVID MEDINA,

                                      Plaintiff,

                -against-

THE CITY OF NEW YORK, DETECTIVE SHANTE
TERRELL shield # 4424, DETECTIVE HECTOR
RODRIGUEZ, tax # 898408,

                                    Defendants.

**FIRST AMENDED COMPLAINT**

CV 11 4288 (BMC)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ x

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against the City of New York and New York City Police Officers alleging that, on January 28, 2011, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting him for possession of a firearm, illegally strip searching him, fabricating evidence against him and maliciously prosecuting him. The charges were dismissed on July 29, 2011. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of malicious prosecution and

vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. A notice of claim was duly filed with the City of New York within 90 days of the dismissal of the criminal case, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## PARTIES

6. Plaintiff is a resident of Brooklyn.

7. The City of New York is a municipal corporation organized under the laws of the State of New York

8. Detectives Shante Terrell and Hector Rodriguez are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9. On January 28, 2011, plaintiff was driving in Brooklyn with his brother Jean Pierre Pacheco.

10. Although plaintiff had not committed a traffic offense, at approximately 5:15 p.m., the defendants stopped plaintiff's car.

11. The defendants searched the car without legal justification and claimed to have discovered a firearm and ammunition in Pacheco's backpack.

12. Plaintiff did not know whether Pacheco had a firearm and ammunition in his backpack and, if Pacheco was in possession of these items, plaintiff never had actual or constructive possession of the contraband.

13. Although plaintiff had not committed a crime, the defendants, acting in concert, formally arrested plaintiff.

14. The defendants also arrested Pacheco.

15. The defendants drove plaintiff around for hours and eventually took him to the 72nd Precinct in Sunset Park, Brooklyn.

16. In the 72nd Precinct the defendants, acting in concert, illegally strip searched plaintiff.

17. Plaintiff was ordered to remove all of his clothes, squat, bend over, spread his buttocks and cough.

18. Nothing illegal was found on plaintiff.

19. The strip search of plaintiff was illegal because plaintiff had not committed a crime and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

20. While plaintiff was held in the precinct, defendant Terrell, with the approval and knowledge of the other defendants, falsely charged plaintiff with possession of a firearm.

21. Several hours later, officers took plaintiff to Brooklyn Central Booking.

22. Plaintiff was held in cells in Brooklyn Central Booking which were severely overcrowded, filthy, unsanitary and infested with roaches and rodents. The toilets were covered in feces, urine and other types of human discharge and there were no beds or cots for plaintiff and the other detainees to sleep on.

23. While plaintiff was held in Central Booking, defendant Terrell, with the approval and knowledge of defendant Rodriguez, misrepresented to the Kings County District Attorney's Office that plaintiff was found in possession of a firearm.

24. Defendants commenced a criminal proceeding against plaintiff for possession of a firearm.

25. Defendants' purposes in commencing a bogus prosecution against plaintiff was have plaintiff convicted of and punished for a crime he did not commit, to obtain overtime compensation and to increase their arrest numbers.

26. On January 30, 2011, in the early morning hours, plaintiff was arraigned in Criminal Court, bail was set and plaintiff was taken to Rikers Island Correctional Facility.

27. While admitting plaintiff into Rikers Island, Correction Officers illegally strip searched plaintiff in front of other inmates.

28. Plaintiff made bail on January 31, 2011.

29. Plaintiff retained a lawyer at a cost of approximately $5,000.

30. The charges were dismissed on July 29, 2011. The charges against Pacheco were also dismissed..

31. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered an unlawful detention, a loss of liberty, emotional distress, fear, anxiety, humiliation and a monetary loss of $5,000.

## FIRST CLAIM

### (FALSE ARREST)

32. Plaintiff repeats the foregoing allegations.

33. At all relevant times, plaintiff did not commit a crime or violation.

34. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent his false arrest.

35. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (ILLEGAL STRIP SEARCH)

36. Plaintiff repeats the foregoing allegations.

37. The strip search of plaintiff after his arrest was illegal because plaintiff had not committed a crime and because no officer had reasonable suspicion to believe that plaintiff was hiding illegal items under his clothes.

38. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching him.

## THIRD CLAIM

### (DENIAL OF A FAIR TRIAL)

39. Plaintiff repeats the foregoing allegations.

40. Defendants misrepresented to the Kings District Attorney's Office that plaintiff had committed a crime.

41. Defendants' misrepresentations deprived plaintiff of liberty in that he was incarcerated after his arraignment and was required to make court appearances.

42. Accordingly, defendants are liable to plaintiff under the Sixth Amendment for denying plaintiff a fair trial.

## FOURTH CLAIM

## (MALICIOUS PROSECUTION)

43. Plaintiff repeats the foregoing allegations.

44. Defendants maliciously misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime and commenced a criminal case against him.

45. Defendants' motivation was not to serve justice but to have plaintiff convicted and punished for a crime he did not commit, to obtain overtime compensation and increase their arrest numbers.

46. Defendants' misrepresentations deprived plaintiff of liberty in that he was incarcerated after his arraignment and was required to make court appearances.

47. The criminal case filed against plaintiff was ultimately dismissed.

48. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

## (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

49. Plaintiff repeats the foregoing allegations.

50. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

51. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

52. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

53. Several members of the NYPD have been arrested and convicted of crimes for making false allegations and for corruption.

54. Former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison.

55. In 2011, former NYPD narcotics officer Jerry Bowen was convicted of murder and attempted murder while under indictment for corruption.

56. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

57. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

58. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## SIXTH CLAIM
### (MALICIOUS PROSECUTION UNDER STATE LAW)

59. Plaintiff repeats the foregoing allegations.

7

60. Defendants maliciously misrepresented to the Kings County District Attorney's Office that plaintiff had committed a crime and commenced a criminal case against him.

61. Defendants' motivation was not to serve justice but to have plaintiff convicted and punished for a crime he did not commit, to obtain overtime compensation and increase their arrest numbers.

62. Defendants' misrepresentations deprived plaintiff of liberty in that he was incarcerated after his arraignment and was required to make court appearances.

63. The criminal case filed against plaintiff was ultimately dismissed.

64. Accordingly, defendants are liable to plaintiff under New York state law for malicious prosecution.

## **SEVENTH CLAIM**

### **(VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)**

65. Plaintiff repeats the foregoing allegations.

66. The individual defendants were acting within the scope of their employment as members of the NYPD when they maliciously prosecuted plaintiff.

67. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: November 15, 2011

                /s/

                _____

                RICHARD CARDINALE
                Attorney at Law
                26 Court Street, Suite # 1815
                Brooklyn, New York 11242
                (718) 624-9391